IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LESLIE ADGAR, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0049-TCB-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-2702-TCB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Leslie Adgar's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 94]. For the reasons that follow, the undersigned finds that this § 2255 motion is impermissibly successive and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a four-count indictment against Adgar and two co-defendants, charging Adgar in Count One with conspiracy to possess with intent to distribute a least 5 kilograms of cocaine and at least 1 kilogram of heroin, in violation of 21 U.S.C. §§ 841 (b)(1)(A) and 846; in Counts Two and Four with attempt to possess with the intent to distribute at least 500 grams of cocaine, in violation of §§ 841 (b)(1)(B)(ii) and 846; and in Count Three with attempt to possess with the intent to distribute at least 1 kilogram of heroin. [Doc. 2]. After Adgar pled guilty to Count One, the Court sentenced her to 120 months of imprisonment. [Docs. 30, 38]. On September 29, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed Adgar's sentence. United States v. Adgar, 346 F. App'x 529, 532 (11th Cir. 2009 (per curiam).

On May 5, 2010, Adgar filed a pro se § 2255 motion, arguing that she received ineffective assistance of counsel and that her sentence was unreasonable. [Doc. 81]. On October 12, 2010, the Court denied Adgar's § 2255 motion on the merits. [Doc. 82]. Adgar subsequently filed two motions seeking the reduction of her sentence, [Docs. 84, 86], which the Court denied. [Docs. 85, 93]. Adgar submitted the instant § 2255 motion on July 21, 2016, arguing that Amendment 794 to the United States

Sentencing Guidelines, which became effective November 1, 2015, entitles her to a mitigating role adjustment. [Doc. 94 at 4, 12].

## II. DISCUSSION

As noted, Adgar filed a prior § 2255 motion that was denied on the merits. [Docs. 81, 82]. The instant motion is therefore successive, and this Court may consider it only if Adgar has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Adgar has obtained such authorization. Accordingly, the Court lacks jurisdiction to consider this second § 2255 motion.

## III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant

3

satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because the dismissal of Adgar's § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that she be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 94], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 12th day of August, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)