IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LESLIE ADGAR,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION<br>NO. 1:08-cr-49-TCB-RGV-1<br><br>CIVIL ACTION FILE<br>NUMBER 1:16-cv-2702-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [95], which recommends dismissing Movant Leslie Adgar's pro se motion to vacate [94]—the second such motion filed in this Court, *see* [81]—as impermissibly second or successive. No objections to the R&R have been filed.

The Court has conducted a "careful and complete" review of the R&R for clear error. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784

(11th Cir. 2006).[1] Having done so, it finds no error in Judge Vineyard's factual findings or legal conclusions. Because Adgar's § 2255 motion is successive and the record contains no indication that Adgar obtained the necessary authorization from the Eleventh Circuit to file it, this Court lacks jurisdiction to consider it. *See* 28 U.S.C. §§ 2254(b)(3)(A) & 2255(h).

The Court therefore adopts as its Order the R&R [95], dismisses Adgar's § 2255 motion [94], and declines to issue a certificate of appealability.

IT IS SO ORDERED this 4th day of October, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge

---

[1] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for a district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).